```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
            Civil Nos. 08-923(DSD); 08-924(DSD)
```

Mary Reiland,

       Debtor/Appellant,

State of Minnesota,                     **ORDER OF CERTIFICATION**

       Interested Party/
       Appellant,

v.

Patti J. Sullivan,

       Trustee/Appellee.

    This matter is before the court following its April 21, 2008, order granting appellant State of Minnesota's unopposed motion for certification of a legal question to the Supreme Court of the State of Minnesota. Pursuant to the State's motion and Minnesota Statutes § 480.065, the court certifies to the Minnesota Supreme Court the following question of law:

> Is Minnesota Statutes § 550.39 valid under the Minnesota Constitution where the amount of disability payments exempted by the statute is limited by the common law and the nature of a disability insurance contract to an amount less than or equal to the insured's pre-disability salary?

    The court acknowledges that the Minnesota Supreme Court, acting as the receiving court, may reformulate this question. <u>See</u> Minn. Stat. § 480.065, subdiv. 6(a)(3).

**I.   Statement of Facts**

Pursuant to the court's April 21 order, the parties agreed to the following facts in their May 5, 2008, stipulation.[1] Debtor was the President of Four D Incorporated ("Four D"), a Minnesota corporation. In 1994, Four D obtained a Disability Income Policy ("Policy") issued by Massachusetts Mutual Life Insurance Company as a benefit for Debtor.[2] In her application for the Policy, Debtor disclosed that for January and February 1994, her two-month net earned income was $49,001.[3] Extrapolating from this two-month period, Debtor's stated yearly net income was approximately $294,006. The Policy provided for $7,000 of disability benefits per month, or twenty-nine percent of Debtor's disclosed net

---

[1] The State also filed a letter with the court asking it to consider additional facts not stipulated to by the Bankruptcy Trustee Patti J. Sullivan ("Trustee"). These facts describe the calculation of benefits under debtor Mary Reiland's ("Debtor") insurance policy as well as the insurer's general method for calculating benefits. The Trustee responded in opposition by letter on May 9, 2008. The State sought to include the unstipulated facts to enable an "as applied" challenge to the constitutionality of § 550.39. The additional facts, however, are unnecessary for resolution of the certified question and are not included herein. See Minn. Stat. § 480.065, subdiv. 6(b) ("If the parties cannot agree upon a statement of facts, the certifying court shall determine the relevant facts.") If appropriate, the court will consider an "as applied" argument after the Minnesota Supreme Court decides the certified question.

[2] The Policy was assigned to Debtor individually in April 2003.

[3] This income included a $12,500 monthly salary and her proportionate share of profit from a company in which she had approximately a forty-percent ownership interest.

income.[4] Based on additional insurance purchased by Debtor as permitted by the Policy, the maximum amount of disability benefits was increased to $8,509 per month, or thirty-five percent of Debtor's disclosed net income.

To receive benefits under disability income policies, including the Policy, an insured must establish a disability. The Policy defines "disability" as incapacity of the insured that:

   a.  Begins while th[e] Policy is in effect; and

   b.  Is due to injury or sickness; and

   c.  Begins when, and continues while, the Insured is receiving timely and appropriate care by or at the direction of a legally qualified physician, unless [the insurer is] furnished with proof, satisfactory to [the insurer], that future care would be of no use; and

   d.  Reduced the Insured's ability to work; and

   e.  Causes a Loss of Earned Income.

The amount of a benefit to be paid under the Policy is measured by and based upon Debtor's loss of earned income. Debtor's disability must also continue for her to receive the monthly benefit.

Debtor filed a claim for disability benefits under the Policy in May 2003, indicating that she had been unable to work and earn

---

[4] Disability insurance contracts limit the amount of disability payments to an amount less than or equal to the insured's pre-disability salary.

wages since April 2003.  Debtor began receiving monthly disability benefits in July 2003.[5]

On October 4, 2005, Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code in the District of Minnesota.  The schedules filed with the bankruptcy court listed Debtor's expenses as $7,891.31 per month.  Debtor received a discharge on January 18, 2006, pursuant to 11 U.S.C. § 727.  In Schedule B of her petition, Debtor disclosed that she is the beneficiary of the Policy, and in Schedule C she claimed her income from the Policy as exempt under Minnesota Statutes § 550.39.  Trustee objected to Debtor's claimed exemption asserting that § 550.39 violates the Minnesota Constitution.  On July 27, 2006, the bankruptcy court issued a Notice and Certification of Challenge to Constitutionality of State Exemption allowing the State to intervene in the objection to exemption and granted the State intervention on August 18, 2006.

On November 1, 2007, the bankruptcy court sustained Trustee's objection, holding that § 550.39 violated article I, section 12 of the Minnesota Constitution.[6]  On February 28, 2008, the bankruptcy court denied the State and Debtor's motion for relief from the

---

[5] Debtor's current monthly benefit is $8,509, which is less than her pre-disability income as disclosed in her Policy application.

[6] As a result, Debtor's benefits under the Policy were transferred to Trustee.

November 1 order.  Debtor appealed the bankruptcy court's orders to this court on March 3, 2008, and the State moved to certify a legal question to the Minnesota Supreme Court on April 7, 2008.  This court stayed briefing on the bankruptcy appeal on April 9, 2008, and granted the State's motion on April 21, 2008.

**II.  Names and Addresses of Counsel of Record**

No party has appeared without counsel, and pursuant to Minnesota Statutes § 480.065, subdivision 6(a)(4), the names and addresses of counsel of record are as follow:

**A.  Debtor/Appellant Mary Reiland**

Alan E. Brown (Bar No. 319545)
Kenneth Corey-Edstrom (Bar No. 148696)
LARKIN HOFFMAN DALY & LINDGREN LTD
7900 Xerxes Ave. S, Ste. 1500
Minneapolis, MN 55431-1194

**B.  Intervenor/Appellant State of Minnesota**

Daniel L. Abelson (Bar No. 0327554)
MINNESOTA ATTORNEY GENERAL'S OFFICE
445 Minnesota St., Ste. 1100
St. Paul, MN 55101-2128

**C.  Trustee/Appellee Patti L. Sullivan**

Chad A. Kelsch (Bar No. 0300974)
LEONARD, O'BRIEN, SPENCER, GALE & SAYRE, LTD
100 South 5th St., Ste. 2500
Minneapolis, MN 55402

**III.  Order of Certification**

The Clerk of Court is directed to forward this Order of Certification to the Supreme Court of the State of Minnesota under the official seal of this court.

Dated:  May 14, 2008

                                      s/David S. Doty
                                      David S. Doty, Judge
                                      United States District Court